UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAR'TELL MOORE,

    Petitioner,

v.

STATE OF MICHIGAN,

    Respondent.

Case No. 2:20-cv-12891-LJM-EAS
Honorable Laurie J. Michelson

**OPINION AND ORDER
DISMISSING PETITION WITHOUT PREJUDICE FOR FAILURE TO EXHAUST**

The Court has a duty to review habeas corpus petitions when they are filed. *See* Rule 4 of the Rules Governing § 2254 Cases. Having fulfilled that duty, Mar'tell Moore's petition will be dismissed without prejudice. He may refile his petition after he pursues all of his claims for the writ in the state courts, or he may refile his petition with only those claims that have been exhausted.

Some law on exhaustion is helpful to understand this decision.

To exhaust a claim, a state prisoner must present the claim to the state trial, appellate, and supreme courts before presenting the claim to a federal court in a petition for habeas corpus. *See Rayner v. Mills*, 685 F.3d 631, 643 (6th Cir. 2012).

Prior to the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), when a state prisoner filed a petition for a writ of habeas corpus in federal court that included unexhausted and exhausted claims (a "mixed petition"), district courts had no choice but to dismiss the complaint. *Rose v. Lundy*, 455 U.S. 509, 522 (1982). Prior to AEDPA, this dismissal

would come at no prejudice to the prisoner—after he presented his unexhausted claims to the state court, and if the state court denied them, he could then bring those claims to federal court.

AEDPA's one-year statute of limitations changed the calculus. If a federal court were to dismiss a mixed petition near the end of the one-year period, it would be difficult for the prisoner to exhaust state court remedies and then refile a petition with the federal court within the time allowed. *See Rhines v. Weber*, 544 U.S. 269, 275 (2005). The issue is not the length of the state-court proceedings themselves, for tolling would apply while those were pending, 28 U.S.C. § 2244(d)(2); the issue is that there would be little time for the prisoner to initiate state proceedings and, once those are over, reinitiate federal proceedings, *see Rhines*, 544 U.S. at 275. Thus, in *Rhines*, the Supreme Court softened *Lundy*'s rule and permitted district courts to hold mixed petitions in abeyance rather than dismiss them. *Id.*

With that background on the law, the Court turns to this case.

A review of Moore's petition indicates that only part of one claim is exhausted. Moore himself says that two of his four claims were not presented on direct appeal. (ECF No. 1, PageID.5.) And a comparison of his petition against the Michigan Court of Appeals' opinion suggests that a third claim and part of a fourth are unexhausted too. *See generally People v. Moore*, No. 344801, 2019 WL 4855943 (Mich. Ct. App. Oct. 1, 2019). So, at best, Moore's petition is mixed. And that raises the stay or dismiss question.

The answer is dismissal. Moore's direct appeal ended on March 27, 2020, when the Michigan Supreme Court denied leave to appeal. *People v. Moore*, 940 N.W.2d 84 (Mich. 2020). Moore did not seek a writ of certiorari from the United States Supreme Court. (*See* ECF No. 1, PageID.2.) So the one-year clock for filing a petition for habeas corpus did not start until 90 days after the Michigan Supreme Court's decision, on or around June 25, 2020. *See Jimenez v.*

*Quarterman*, 555 U.S. 113, 119 (2009). This means that Moore has until late June 2021 to file a petition for habeas corpus. *See* 28 U.S.C. § 2244(d)(1)(A). That is over six months from now. Splitting those months evenly, once this case is dismissed, Moore has three months to file a motion for relief from judgment with the state trial court and, once state proceedings are complete, three months to refile a petition with this Court.[1] Moore does not face the situation that *Rhines* was concerned about. So *Lundy*'s dismissal rule applies here.

For the reasons given, Moore's petition is DISMISSED WITHOUT PREJUDICE to refiling once all his claims have been pursued through the state-court system. Alternatively, Moore may initiate a new federal case now by filing a petition that drops his unexhausted claims and includes only exhausted claims; but if the Court decides that new petition, Moore might be barred from filing a second petition with other claims, *see* 28 U.S.C. § 2244(b).

SO ORDERED.

Dated: December 8, 2020

                                                s/Laurie J. Michelson
                                                LAURIE J. MICHELSON
                                                UNITED STATES DISTRICT JUDGE

---

[1] The one-year clock will be paused so long as Moore has a *properly* filed motion for relief from judgment and, if that is denied, a properly filed request for leave from the Michigan Court of Appeals and, if that is denied, a properly filed request for leave from the Michigan Supreme Court. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.").